UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SALLY GROS VEDROS                                      CIVIL ACTION


VERSUS                                                 NO: 11-1198


NORTHROP GRUMMANN                                      SECTION: R
SHIPBUILDING, INC., *et al.*

## ORDER & REASONS

Before the Court is defendant CBC Corporation's motion to stay consideration of plaintiff's motion to remand pending the anticipated transfer of this asbestos-related case to MDL-875.[1] Because the motion to remand raises issues similar to those raised in the MDL-transferee court, the Court GRANTS the stay.


**I.    BACKGROUND**

Plaintiff Sally Vedros filed the instant action on October 28, 2010, in Louisiana state court, alleging that her mesothelioma was caused by exposure to the asbestos-containing products of multiple defendants.[2]  Defendants CBC Corporation, Foster Wheeler, LLC and General Electric Company filed a notice of removal on May 20, 2011.[3]  Defendants also filed a "tag along" notice, seeking to transfer this case to the United States District Court for the Eastern District of Pennsylvania to be

---

[1]  R. Doc. 26.

[2]  R. Doc. 1-1, Ex. A.

[3]  R. Doc. 1

included in MDL-875.  The MDL panel entered a Conditional

Transfer Order.  Plaintiff has opposed transfer to the MDL.[4]

On May 23, 2011, plaintiff filed a motion to remand,

asserting that the case was improperly removed under the Federal

Officer Removal Statute, 28 U.S.C. § 1442(a)(1), and that the

notice of removal was procedurally defective.[5]  Defendants oppose

the motion to remand asserting the government contractor immunity

defense.[6]  Defendant CBC also filed this motion to stay

consideration of the motion to remand pending a determination as

to the transfer of this case by the MDL panel.[7]  Plaintiff

opposes the stay, asserting that the proposed stay would cause

her prejudice.[8]  On June 9, 2011, defendant Albert Bossier filed

a statement noting the death of the plaintiff during the pendency

of this action.[9]


## II.  DISCUSSION

The Court has broad discretion to stay proceedings and

"[t]he proponent of a stay bears the burden of establishing its

---

[4]   R. Doc. 30 at 1-2.

[5]   R. Doc. 9.

[6]   R. Doc. 22; R. Doc. 23; R. Doc. 24; R. Doc. 25.

[7]   R. Doc. 26.

[8]   R. Doc. 30.

[9]   R. Doc. 47.

need." *Clinton v. Jones*, 520 U.S. 681, 706, 708 (1997). In deciding whether to rule on a motion to remand, the Court should consider "whether the motion raises issues likely to arise in other actions pending in the MDL-transferee court." *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002). When the motion to remand raises issues similar to those raised in actions in the MDL transferee-court, the court should grant the motion to stay. *Id.* In these cases, granting a stay will avoid the risk of inconsistent and conflicting rulings while conserving judicial resources. *Id.*

Here, a stay pending a determination regarding transfer to the MDL transferee court is in the interests of judicial economy. The MDL court has recently decided two motions to remand raising issues similar to those raised in plaintiff's motion to remand. *See In re. Asbestos Prods. Liab. Litig. (No. VI),* No. 10-67141, 2011 WL 921647, at *1-2, 4-6 (E.D. Pa. Mar. 15, 2011) (holding that removal was proper because defendant had raised a colorable federal contractor defense); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 777-86 (E.D. Pa. 2010) (denying plaintiff's motion to remand because manufacturers of asbestos-containing products used aboard Navy ships had advanced a colorable government contractor defense to products liability action alleging failure to warn, as required for removal under the Federal Officer Removal Statute). The Court, therefore, finds

3

that staying consideration of the motion to remand will prevent the risk of inconsistent and conflicting rulings while conserving judicial resources.

Additionally, the Court finds that plaintiff will not suffer undue prejudice if the stay is granted.  Plaintiff has already filed her motion to vacate the Conditional Transfer Order and acknowledges that any response to her motion is due on or before July 1, 2011.  The Court, therefore, does not find that granting the stay pending a determination by the MDL panel will cause undue delay.  Further, the reasons for prejudice stated in plaintiff's opposition to the motion to stay are now moot. Accordingly, the Court finds that plaintiff's motion to remand should be stayed pending a determination by the MDL panel as to whether the case is appropriate for transfer.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to stay consideration of the motion to remand.

New Orleans, Louisiana, this __15th__ day of June, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

4