UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VEDROS, ET AL                          CIVIL ACTION

VERSUS                                 NO: 11-1198

NORTHROP GRUMMAN SHIPBUILDING,         SECTION: J
INC., ET AL


**ORDER AND REASONS**

Before the Court are two essentially identical *Motions for Partial Summary Judgment* filed by Defendant Northrop Grumman Shipbuilding, Inc. (hereinafter "Avondale") **(Rec. Doc. 108)** and Defendants Albert L. Bossier, Jr., J. Melon Garrett, OneBeacon America Insurance Company, American Employers Insurance Company, James Bull, Roy Barkdull, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, and Ewing Moore (hereinafter "the Avondale Interests") **(Rec. Doc. 109)**. Also before the Court is an *Opposition* to both motions **(Rec. Doc. 126)** filed by Plaintiffs, Sally Gros Vedros, Lori Vedros Kravet, Valerie Vedros White, and Gerald Vedros (hereinafter "Plaintiffs"), as well as a *Reply* filed by Avondale and the Avondale Interests **(Rec. Doc. 191)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for reasons expressed below, that both *Motions for Partial Summary Judgment* should be **GRANTED.**

1

**PROCEDURAL AND FACTUAL BACKGROUND**

This action arises from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchase department, and she claims that she was directly exposed to asbestos while she worked at Avondale. Before her death, Vedros filed suit against many defendants, including Avondale and the Avondale Interests (collectively, "Defendants"). After Vedros died, her children joined the suit as plaintiffs. Defendants have filed the instant motions for partial summary judgment on Plaintiffs' claims that are based on theories of intentional tort, fraud, and conspiracy.

**PARTIES' ARGUMENTS**

**A. Intentional Tort**

Defendants contend that the issue of intent is appropriate for resolution on summary judgment, but Plaintiffs argue that it is not. Plaintiffs also submit that Defendants have not brought any evidence that Avondale and its executives were not substantially certain that its practices would cause Vedros to contract mesothelioma, except for four affidavits that Defendants have submitted, which Plaintiffs claim are improper summary judgment

evidence. Plaintiffs argue that Defendants were aware of the risks associated with asbestos and with unsafe working conditions at Avondale and that Defendants failed to remedy those conditions despite knowledge of the risks. Defendants counter that awareness of a risk does not rise to the level of intent that Plaintiffs must prove to succeed on their intentional tort claim.

### B. Fraud

Defendants argue that summary judgment should be granted in their favor on Plaintiffs' fraud claim because Plaintiffs have not brought evidence that Defendants told Vedros that asbestos was safe or that Defendants intended to harm Vedros or obtain an unjust advantage over her. Plaintiffs contend that Defendants' defrauded Vedros when they remained silent instead of warning her about the dangers of asbestos exposure of which Defendants were aware. Plaintiffs also maintain that "defendants have not come forth with any evidence whatsoever that they either did not know of the hazards of asbestos ... or that they actually warned [Sally Vedros and Alton Gros] instead of remaining silent ... ." (Rec. Doc. 126, p. 28).

### C. Conspiracy

Defendants argue that civil conspiracy is not an actionable tort under Louisiana law, and therefore, Plaintiffs' action for conspiracy must be dismissed. Plaintiffs submit that their petition does not allege a claim for conspiracy and, therefore, summary

judgment is inappropriate on a claim which they did not state. Defendants argue that given the standards of notice pleading, the language of Plaintiffs' complaint could be construed to attempt to state a claim for conspiracy and that if Plaintiffs believe they have no cause of action for conspiracy, they should not object to the dismissal of such a claim on summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075.

4

A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A. Intentional Tort

Plaintiffs attempt to establish that Vedros's mesothelioma was caused by exposure to asbestos as a result of a dangerous working environment at Avondale, and to show that Defendants committed an intentional tort. To prove that Defendants committed an intentional tort, Plaintiffs must prove that Defendants either consciously desired the result (Vedros's contracting mesothelioma), or else knew that the result was "substantially certain to follow from [their] conduct." *Zimko v. Am. Cyanamid*, 2003-0658 (La. App. 4 Cir. 6/8/05); 905 So. 2d 465, 475, *cert. denied*, 2005-2102 (La. 3/17/06), 925 So. 2d 538 (internal citations omitted). Plaintiffs do not appear to argue that Defendants consciously desired that Vedros contract mesothelioma but instead argue that Vedros's mesothelioma was substantially certain to follow from Defendants' conduct.

Substantial certainty "requires more than a reasonable probability that an injury will occur," and Plaintiffs must prove that Vedros's contracting mesothelioma was "inevitable or incapable of failing." *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99); 731 So. 2d 208, 213 (internal citations omitted). It will not be sufficient for Plaintiffs to show that Defendants had knowledge that their practices were dangerous and created a high probability that someone would eventually be injured. *Id.*

6

Defendants' "mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct." *Id.* (internal citations omitted). Defendants' "belie[f] that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts ... ." *Id.* at 214. Therefore, if Plaintiffs can only show that Vedros's contracting mesothelioma was a "possibility or risk," their claim is in negligence and not in the realm of intentional tort. *Id.* at 212. To prove a claim in the realm of intentional tort, Plaintiffs would have to prove that Defendants' "conduct [went] beyond knowingly permitting a hazardous work condition to exist, ordering an employee to perform an extremely dangerous job, or willfully failing to furnish a safe place to work ... ." *Zimko*, 905 So. 2d at 477 (internal citations omitted). It will be insufficient for Plaintiffs to merely show that Defendants failed to provide a safe workplace or to correct unsafe working conditions or that Defendants failed to provide requested safety equipment. *Id.*

Plaintiffs argue that Defendants were aware of the risks associated with asbestos and with the unsafe working conditions at Avondale and that Defendants failed to remedy those conditions despite their knowledge of the risks. Defendants counter that an awareness of risk does not rise to the level of intent that Plaintiffs must prove. The Court agrees with Defendants. Even

7

considering the facts in the light most favorable to Plaintiffs[1] and assuming that Defendants were aware that there was a major risk, or even a probability, that Vedros would contract mesothelioma, Plaintiffs have failed to bring sufficient evidence whereby a reasonable jury could conclude that Vedros's contracting mesothelioma was "inevitable or incapable of failing" and was thus substantially certain to result from Defendants' conduct. In fact, it has been established that "it is [not] common human experience ... that mesothelioma is known certainly or inevitably to follow from asbestos exposure." *Zimko*, 905 So. 2d at 479. Therefore, Plaintiffs' claim against Defendants lies in the realm of negligence, not in the realm of intentional tort. For these reasons, the Court finds that Plaintiffs' intentional tort claims against Avondale and the Avondale Interests should be dismissed with prejudice.

### B. Fraud

To succeed on a tort claim for fraud, Plaintiffs must prove that: (1) Defendants misrepresented a material fact, (2) with the intent to deceive, and (3) caused justifiable reliance and

---

[1] The Court finds that it may determine the issue of intent on summary judgment in this case. Summary judgment is generally disfavored when issues of intent or state of mind are involved. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265-66 (5th Cir. 1991). However, if a court draws every reasonable inference in favor of the nonmoving party, summary judgment can be appropriate where the nonmoving party has failed to present evidence whereby a reasonable jury could find in its favor on the issue of intent. *Id.* at 1266. Summary judgment is especially appropriate where, as here, Plaintiffs face such a daunting burden to prove that Vedros's mesothelioma was substantially certain to result from Defendants' conduct. *See id.* (internal citations omitted).

resultant injury. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999). Plaintiffs must show that Defendants either intended that their misrepresentation would induce Vedros to take action that involved an unreasonable risk of harm, or else realized that their misrepresentation would be likely to induce such action. *Id.*

Plaintiffs argue that "defendants have not come forth with any evidence whatsoever that they either did not know of the hazards of asbestos ... or that they actually warned [Sally Vedros and Alton Gros] instead of remaining silent ... ." (Rec. Doc. 126, p. 28). Plaintiffs' argument is based on a fundamental misunderstanding of the shifting burdens of proof involved in the Court's determination of this motion for summary judgment. Plaintiffs would bear the burden of proof at trial to establish all of the elements of a fraud claim, including the fact that Defendants remained silent about risks of asbestos about which they were aware, and with the intent to deceive Vedros. Because Plaintiffs would bear the burden of proof at trial, Defendants may satisfy their burden on this motion for summary judgment by merely pointing out that the evidence in the record is insufficient with respect to any element of the fraud claim. Defendants have done just that here. The burden then shifts to Plaintiffs to set out facts showing that a genuine issue of material fact exists such that a reasonable jury could conclude that all of the elements of a fraud claim are met.

9

Plaintiffs have failed to submit sufficient evidence and have thus failed to satisfy their burden of proof. Therefore, Plaintiffs' fraud claims against Avondale and the Avondale Interests should be dismissed with prejudice.

### C. Conspiracy

There is no substantive tort for civil conspiracy in Louisiana. *Ross v. Conoco, Inc.*, 2002-0299 (La. 10/15/02); 828 So.2d 546, 551-52. Therefore, to the extent that Plaintiffs' complaint attempts to state a cause of action for conspiracy, their conspiracy claims against Avondale and the Avondale Interests should be dismissed with prejudice.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motions for Partial Summary Judgment* filed by Avondale **(Rec. Doc. 108)** and the Avondale Interests **(Rec. Doc. 109)** are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Avondale and the Avondale Interests based on theories of intentional tort, fraud, and conspiracy are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 7th day of March, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

10