```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VEDROS, ET AL                              CIVIL ACTION

VERSUS                                     NO: 11-1198

NORTHROP GRUMMAN SHIPBUILDING,             SECTION: J
INC., ET AL
```

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* filed by Defendant General Electric Company ("GE) **(Rec. Doc. 204)**, as well as Plaintiffs' *Opposition* **(Rec. Doc. 246)** and GE's *Reply* **(Rec. Doc. 271)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion for Summary Judgment* should be **GRANTED.**

### PROCEDURAL AND FACTUAL BACKGROUND

This action arises from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchase department, and she claims that she was directly exposed to asbestos while she worked at Avondale. Before

1

her death, Vedros filed suit against many defendants, including GE, and after Vedros's death, her children joined the suit as plaintiffs.

## PARTIES' ARGUMENTS

Plaintiffs allege that GE manufactured metal turbines that were used at Avondale and that were specifically used in Lykes vessels, upon which Vedros's father worked. GE has provided deposition testimony that the turbines provided to Avondale were bare metal turbines and that any asbestos-containing insulation used in the turbines was installed after the turbines were delivered to Avondale. GE contends that it did not manufacture, sell, supply, or distribute any asbestos-containing insulation to Avondale, only the metal turbines, and Plaintiffs do not offer evidence to dispute this. Plaintiffs do not appear to allege that GE manufactured, sold, supplied, or distributed asbestos-containing insulation, but Plaintiffs do allege that GE employees were sometimes present and observed Avondale employees installing asbestos-containing insulation onto or around the turbines, and that GE employees themselves may have installed some insulation in the turbines while at Avondale.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56©); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or

"showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The Court finds that Plaintiffs have failed to present sufficient evidence that Vedros was exposed to asbestos that was manufactured, sold, supplied, or distributed by GE. Plaintiffs have not submitted any evidence to rebut GE's evidence that GE only manufactured and distributed bare metal turbines and not asbestos-containing insulation. Counsel for Plaintiffs make a number of vague and conclusory statements in the *Opposition* that are not supported by the affidavits or depositions to which Plaintiffs' Counsel cites. It appears that, despite the vague and conclusory

allegations of Plaintiffs' Counsel, any asbestos-containing materials applied to the GE turbines were applied by insulators employed by Avondale, not by employees of GE. Based on the deposition testimony, it appears that GE inspectors may have been present during the installation of the GE turbines. This is not sufficient to hold GE liable for the acts of Avondale's insulators. It therefore appears that Plaintiffs' only viable argument is that GE, as the manufacturer or distributer of the turbines, should be held liable for the asbestos-containing materials that were manufactured, distributed, and attached to the turbines by third parties.

The Sixth Circuit appears to be "the only federal court of appeals to consider" the liability of defendants for asbestos-containing products manufactured or distributed by third parties. *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 797 (E.D. Pa. 2012); *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488 (6th Cir. 2005)). The Sixth Circuit "confirmed that a manufacturer is not liable for asbestos-containing components and replacement parts it did not manufacture or distribute." *Id.* (internal citations omitted) (citing *Lindstrom*, 424 F.3d 488 and *Stark v. Armstrong World Indus., Inc.*, 21 Fed. App'x 371 (6th Cir.2001)).

In *Stark*, the plaintiff brought suit against a manufacturer of boilers, alleging that he worked in a boiler room and was exposed to asbestos-containing products that were attached to the boilers.

5

*Stark*, 21 Fed. App'x at 381. The Sixth Circuit found that the boiler manufacturer was not liable because it did not manufacture or distribute the asbestos-containing products, only the boilers. *Id.* Similarly, in *Lindstrom*, the Sixth Circuit found that a defendant that manufactured water pumps and air compressors was not liable for asbestos-containing products that were attached to the pumps and compressors post-manufacture because the defendant did not manufacture or distribute the asbestos-containing products. *Lindstrom*, 424 F.3d at 497. Additionally, it is clear that under products liability law, a manufacturer cannot be held liable for a failure to warn of the dangers of a product made by another manufacturer. *Conner*, 842 F. Supp. 2d at 799 (citing *Braaten v. Saberhagen Holdings*, 198 P.3d 493, 503-04 (Wash. 2008)).

Because Plaintiffs have not submitted sufficient evidence to show that GE manufactured, sold, supplied, or distributed any asbestos-containing products to Avondale, or that GE employees attached any asbestos-containing materials to the turbines at Avondale, Plaintiffs' claims against GE cannot survive summary judgment, and their claims should be dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 204)** is **GRANTED.**

**IT IS FURTHER ORDERED** that all of Plaintiffs' claims against

Defendant General Electric Company are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the oral argument, currently set for Wednesday, March 26, 2014, is **CANCELLED** <u>with respect to **Rec. Doc. 204.**</u>

**IT IS FURTHER ORDERED** that all other motions pending in the above-captioned matter remain unaffected by this order.

New Orleans, Louisiana this 14th day of March, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE