UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

VEDROS, ET AL                                CIVIL ACTION

VERSUS                                       NO: 11-1198

NORTHROP GRUMMAN SHIPBUILDING,               SECTION: J
INC., ET AL

                           **ORDER AND REASONS**

   Before the Court is a *Motion for Summary Judgment* filed by Defendant CBS Corporation, formerly known as Westinghouse Electric Corporation ("Westinghouse) **(Rec. Doc. 217)**, as well as Plaintiffs' *Opposition* **(Rec. Doc. 238)** and Westinghouse's *Reply* **(Rec. Doc. 272)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion for Summary Judgment* should be **GRANTED IN PART** and **DENIED IN PART.**

                  **PROCEDURAL AND FACTUAL BACKGROUND**

   This action arises from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchase department, and she claims that she was

                                     1

directly exposed to asbestos while she worked at Avondale. Before her death, Vedros filed suit against many defendants, including Westinghouse, and after Vedros's death, her children joined the suit as plaintiffs.

## PARTIES' ARGUMENTS

### A. Turbines

Plaintiffs allege that Westinghouse manufactured metal turbines that were used at Avondale and that were specifically used in Lykes vessels, upon which Vedros's father worked. Plaintiffs allege that asbestos-containing insulation was attached to these turbines. Plaintiffs do not appear to allege that Westinghouse manufactured, sold, supplied, or distributed asbestos-containing insulation, but Plaintiffs do allege that Westinghouse employees were sometimes present and observed Avondale employees installing asbestos-containing insulation onto or around the turbines, and that Westinghouse employees themselves may have installed some insulation in the turbines while at Avondale.

### B. Micarta

Plaintiffs also allege that Westinghouse manufactured fire resistant decorative micarta ("micarta"), which contained asbestos and which was used extensively at Avondale by Hopeman Brothers during the relevant time period. Specifically, Plaintiffs allege that this micarta was used aboard the Lykes vessels upon which Alton Gros worked. Westinghouse does not appear to contest

Plaintiffs' contentions that it manufactured asbestos-containing micarta and that it supplied micarta to Hopeman Brothers and/or Avondale.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56©); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A. Turbines

The Court finds that, with respect to the turbines, Plaintiffs

have failed to present sufficient evidence that Westinghouse manufactured, sold, supplied, or distributed any asbestos-containing products to which Vedros was exposed. Plaintiffs only allege that Westinghouse manufactured turbines, not that Westinghouse manufactured any of the insulation or other asbestos-containing products that were later attached to those turbines. Counsel for Plaintiffs make a number of vague and conclusory statements in the *Opposition* that are not supported by the affidavits or depositions to which Plaintiffs' Counsel cites. It appears that, despite the vague and conclusory allegations of Plaintiffs' Counsel, any asbestos-containing materials applied to the Westinghouse turbines were applied by insulators employed by Avondale, not by employees of Westinghouse. Based on the deposition testimony, it appears that Westinghouse inspectors may have been present during the installation of the Westinghouse turbines. This is not sufficient to hold Westinghouse liable for the acts of Avondale's insulators. It therefore appears that Plaintiffs' only viable argument is that Westinghouse, as the manufacturer or distributer of the turbines, should be held liable for the asbestos-containing materials that were manufactured, distributed, and attached to the turbines by third parties.

For the same reasons that the Court cited in its *Order* of March 13, 2014 **(Rec. Doc. 309)** regarding General Electric's similar *Motion for Summary Judgment* **(Rec. Doc. 204)**, the Court finds that

Plaintiffs' claims against Westinghouse regarding the turbines cannot survive summary judgment. Therefore, any claims by Plaintiffs against Westinghouse based on Westinghouse's manufacturing or distributing the turbines should be dismissed with prejudice.

### B. Micarta

With respect to Plaintiffs' claims against Westinghouse based on Westinghouse's manufacturing micarta, the Court finds that genuine issues of material fact are present which preclude summary judgment.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 217)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Westinghouse based on a theory that Vedros was exposed to asbestos through turbines manufactured or distributed by Westinghouse are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Westinghouse based on a theory that Vedros was exposed to asbestos through micarta manufactured or distributed by Westinghouse remain unaffected by this order.

**IT IS FURTHER ORDERED** that the oral argument, currently set

for Wednesday, March 26, 2014, is **CANCELLED** <u>with respect to</u> **Rec. Doc. 217.**

**IT IS FURTHER ORDERED** that all other motions pending in the above-captioned matter remain unaffected by this order.

New Orleans, Louisiana this 17th day of March, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE