UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VEDROS, ET AL                           CIVIL ACTION

VERSUS                                  NO: 11-1198

NORTHROP GRUMMAN SHIPBUILDING,          SECTION: J
INC., ET AL

### ORDER AND REASONS

Before the Court are Plaintiffs' *Motion to Remand* **(Rec. Doc. 320)**; *Oppositions* filed by Defendants Amchem **(Rec. Doc. 326)**, Continental Insurance Company (hereinafter "Continental") **(Rec. Doc. 327)**, CBS Corporation (hereinafter "Westinghouse") **(Rec. Doc. 328)**, and Avondale and the Avondale Interests[1] **(Rec. Doc. 329)**; and a *Reply* filed by Plaintiffs **(Rec. Doc. 339)**. Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion to Remand* should be **DENIED.**

### PROCEDURAL AND FACTUAL BACKGROUND

This action arises from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros ("Gros"), Vedros's father, worked at Avondale as a welder from 1943 to 1976, and

---

[1] "Avondale" refers to Defendant Northrop Grumman Shipbuilding, Inc, and the "Avondale Interests" refers to Defendants Albert L. Bossier, Jr., J. Melton Garrett, and OneBeacon America Insurance Company and American Employers Insurance Company, as the alleged insurers of C. Edwin Hartzman, Hettie Dawes Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, and Ewing Moore.

Vedros claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchase department, and she claims that she was directly exposed to asbestos while she worked at Avondale. Before her death, Vedros filed suit against multiple Defendants, and after Vedros's death, her children joined the suit as plaintiffs. Defendants Westinghouse, Foster-Wheeler, and General Electric removed the case to federal court based on the federal officer defense.[2]

In August 2011, the case was transferred to the United States District Court for the Eastern District of Pennsylvania as part of an MDL. In the MDL proceedings, Plaintiffs moved to remand the case to state court, but the MDL court found that federal jurisdiction was satisfied because the requirements of the federal officer removal statute had been met. In February 2013, the case was remanded from the MDL to this Court, where it was allotted to Chief

---

[2] Those Defendants removed this action to federal court pursuant to 28 U.S.C. § 1442(a)(1), the "Federal Officer Removal Statute," which states that an action filed in state court may be removed to federal court when that action is against:

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office ... .

28 U.S.C.A. § 1442(a)(1) (West 2013). Here, the removing Defendants successfully argued that because Vedros alleged that she was exposed to asbestos from all vessels and equipment present at Avondale during the period of construction of several United States Navy vessels, under the direction of the Navy, the Defendants were acting under the direction of the United States at the time of the alleged exposure to Gros and/or Vedros.

Judge Vance in Section "R," transferred to Judge Engelhardt in Section "N," and finally transferred to the undersigned in Section "J." The parties have undergone extensive discovery in this case, including multiple depositions and expert reports. Over 300 documents have been filed in this matter in federal court. Discovery has been completed, and the Court has ruled that no further discovery shall be allowed without express permission of the Court. Through multiple status conferences and oral arguments in this matter, the Court has become intimately familiar with the facts of this case, and after ruling on eighteen (18) motions for summary judgment, the Court finds that this matter is ripe for trial. In resolving those motions, the Court dismissed all claims against General Electric and Foster-Wheeler, as well as the claims against Westinghouse based on its supplying turbines to Avondale.[3] As a result of the dismissal of those parties and claims, Plaintiffs have filed the instant *Motion to Remand*.

## PARTIES' ARGUMENTS

Plaintiffs argue that federal jurisdiction no longer exists over this case because the dismissal of all claims against General Electric, all claims against Foster-Wheeler, and the turbine claims against Westinghouse moots the federal officer defense, which is the basis for this Court's jurisdiction. Plaintiffs also argue that

---

[3] The claims against Westinghouse based on its supplying micarta board to Avondale remain viable.

3

the Court should decline to exercise supplemental jurisdiction over the remaining claims because the legal issues in this case, specifically the issues of solidary liability and virile shares, involve complex questions of state law.

Amchem, Westinghouse, Avondale, the Avondale Interests, and Continental argue that the Court should exercise supplemental jurisdiction because the Court has already expended substantial judicial resources and the case is ripe for trial. They also point out that virile share liability is not a novel or complex issue that requires state court adjudication; rather, issues of virile share allotment and solidary liability have repeatedly been addressed by federal district courts sitting in Louisiana.[4]

## LEGAL STANDARD

Although it is the general rule that where federal claims are dismissed before trial, a federal court should also dismiss pendent state claims, that rule "is neither absolute nor automatic." *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307 (5th Cir. 1991), *cert. denied*, 502 U.S. 1096 (1992). Rather, the federal court has discretion to exercise supplemental jurisdiction over the remaining state law claims. *Id.; see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). The court *may* decline to exercise

---

[4] Continental alternatively argues that the Court retains jurisdiction because the Avondale Interests have also asserted the federal officer defense. Avondale and the Avondale Interests have made no such argument. Because the Court finds that the exercise of supplemental jurisdiction is appropriate in this case, it need not resolve Continental's alternative argument.

4

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c) (West 1990). In determining whether to exercise supplemental jurisdiction, the court must also balance "judicial economy, convenience, fairness, and comity." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000) (internal citations omitted).

### DISCUSSION

The Court finds that there are no novel or complex issues of state law present in this case such that the Court should decline to exercise supplemental jurisdiction. The Court is perfectly capable of adjudicating issues involving solidary liability and virile shares. *See, e.g., Anderson v. Chieftain Int'l Corp.*, No. 01-638, 2002 WL 1363878 (E.D. La. June 20, 2002) (Barbier, J.);

*Liberty Mut. Fire Ins. Co. v. Fluor Enter., Inc.*, No. 08-5166, 2012 WL 255763 (E.D. La. Jan. 27, 2012) (Vance, J.); *Rodman v. Restivo*, No. 09-3395, 2010 WL 60188 (E.D. La. Jan. 5, 2010) (Duval, J.); *Knight v. RPM Pizza, Inc.*, No. 99-2894, 2000 WL 869503 (E.D. La. June 28, 2000) (Clement, J.).

Additionally, this case is similar to several other cases where district courts in this circuit have properly exercised supplemental jurisdiction where the matters have been pending in federal court for several years, extensive discovery has occurred and numerous documents have been filed, discovery is closed, the case is ripe for trial, there are no novel or overly complex issues of state law, and the district court has already expended significant judicial resources and decided multiple dispositive motions. *See, e.g., Newport*, 941 F.2d at 307-08; *Batiste*, 179 F.3d at 227-28; *Brookshire Bros. Holding, Inc. v. Dayco Prods. Inc.*, 554 F.3d 595, 602-04 (5th Cir. 2009), *cert. denied*, 557 U.S. 936 (2009); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455-56 (5th Cir. 1996); *Port of S. La. v. Tri-Parish Indus., Inc.*, 927 F.Supp.2d 332, 338-39 (E.D. La. 2013) (Milazzo, J.); *Chauvin v. Radioshack Corp.*, No. 08-4255, 2009 WL 961247, at *2-3 (E.D. La. Apr. 8, 2009) (Africk, J.), *aff'd*, 332 Fed. App'x 994 (5th Cir. 2009). Therefore, the Court declines to remand this case to state court.

**CONCLUSION**

Accordingly,

6

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 320)** is **DENIED.**

New Orleans, Louisiana this 24th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE