UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VEDROS                                          CIVIL ACTION

VERSUS                                          NO: 11-1198

NORTHROP GRUMMAN ET AL.                         SECTION: "J" (4)

## ORDER & REASONS

Before the Court are *Motions for Partial Summary Judgment on Plaintiffs' Claim for Lejeune Damages* filed by Northrop Grumman Shipbuilding, Inc. (n/k/a Huntington Ingalls Incorporated, f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., f/k/a Avondale Marine Ways, Inc.)("Avondale")**(Rec. Doc. 415);** OneBeacon America Insurance Company and American Employers Insurance Company, as alleged insurers of Eagle, Inc. ("Eagle's Insurers")**(Rec. Doc. 418);** McCarty Corporation ("McCarty")**(Rec. Doc. 419);** and Eagle, Inc. ("Eagle")**(Rec. Doc. 420)** as well as Plaintiffs Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White's opposition thereto. (Rec. Doc. 433) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motions should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

The Court is familiar with the facts of the case and so will provide only a brief recitation here. This action arises

from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchasing department, and she claims that she was directly exposed to asbestos while she worked at Avondale. Before her death, Vedros filed suit against many defendants, and after her death, her children joined the suit as Plaintiffs. In their First Amended and Supplemental Petition, Plaintiffs asserted a claim for the "mental pain and anguish [that they] endured from watching the suffering and death of their mother," among others. See (Rec. Doc. 57, p. 8). Although Plaintiffs filed suit in state court, Defendants removed the matter to this Court on May 20, 2011.

Avondale filed its *Motion for Partial Summary Judgment on Plaintiffs' Claim for Lejeune Damages* **(Rec. Doc. 415)** on May 13, 2015. Eagle's Insurers **(Rec. Doc. 418)**, McCarty **(Rec. Doc. 419)**, and Eagle **(Rec. Doc. 420)** followed suit on May 15, 2015. On May 25, 2015, Plaintiffs opposed the motions. (Rec. Doc. 433)

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so

3

sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## PARTIES' ARGUMENTS AND DISCUSSION

Avondale, Eagle's Insurers, McCarty, and Eagle (collectively, "movants") all argue that Plaintiffs' claim for Lejeune damages must be dismissed. Movants generally argue that Plaintiffs cannot establish the elements for a Lejeune claim, because Plaintiffs did not observe any traumatic accident or come upon the scene soon after such an accident. Plaintiffs counterargue that mental anguish damages are available here as established by Coates v. AC&S, 844 F. Supp. 1126 (E.D. La. 1994).

4

The Louisiana Supreme Court recognized in 1990 a cause of action for the recovery of damages for mental anguish arising from witnessing serious injury to a third party of close relation against the party who negligently caused that third party relative's injury. See Lejeune v. Rayne Branch Hosp., 556 So. 2d 559 (La. 1990). In 1991, the Louisiana Legislature delineated the very limited circumstances under which a claimant is entitled to bystander damages when it passed Louisiana Civil Code article 2315.6, which largely codified the holding of Lejeune. See LA. CIV. CODE art. 2315.6; 12 La. Civ. L. Treatise, Tort Law § 28:5 (2d ed.). Therein, the Legislature clearly provides that "[d]amages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article." Id. Since that time, courts have emphasized that a claimant for bystander recovery must either view the accident giving rise to his or her close relative[1] or come upon the scene of the accident soon thereafter. See, e.g., Trahan v. McManus, 1997-1224 (La. 3/2/99), 728 So. 2d 1273. The court in Trahan in particular stressed that there must be a "temporal proximity between the tortious event, the victim's observable harm, and the plaintiff's mental distress arising from an awareness of the harm caused by the event."

---

[1] The classes of individuals who may assert claims for bystander damages are limited to the spouse, children, grandchildren, parents, siblings, or grandparents of the party who suffered the physical injury. See LA. CIV. CODE art. 2315.6.

Trahan, 728 So. 2d at 1279. Indeed, "Recovery of damages for mental anguish has almost never been extended to one who observed the victim's suffering at a place other than where the injury-causing event occurred or at a time not closely connected to the event." Trahan, 728 So.2d at 1279." Here, even assuming that the alleged negligent acts could give rise to a claim for bystander damages, Plaintiffs allege only that they witnessed "the progression of the mesothelioma," but not the acts giving rise to it. (Rec. Doc. 433, p. 5) Therefore, under the facts of this case, the Court concludes that Plaintiffs lack a valid claim for bystander damages under Lejeune and Louisiana Civil Code article 2315.6.[2] Accordingly,

**IT IS HEREBY ORDERED** that the motions **(Rec. Docs. 415, 418, 419, 420)** are **GRANTED.**

**IT IS FURTHER ORDERED** that the *Motion for Leave to Reply* is **DENIED as moot. (Rec. Doc. 439)**

New Orleans, Louisiana this 8th day of June, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] For the same reasons announced in Comardelle v. Pennsylvania General Ins. Co., No. 13-6555, 2014 WL 5762841, at *3 (E.D. La. Nov. 3, 2014)(Africk, J.), Coates is unpersuasive and inapplicable here.