```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


 VEDROS                                  CIVIL ACTION

 VERSUS                                  NO: 11-1198

 NORTHROP GRUMMAN ET AL.                 SECTION: "J" (4)
```

**ORDER & REASONS**

Before the Court is Defendant Northrop Grumman Shipbuilding, Inc. (n/k/a Huntington Ingalls Incorporated, f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., f/k/a Avondale Marine Ways, Inc.)("Avondale")'s *Motion for Partial Summary Judgment on La. C.C. Article 1821-1823 Claims* **(Rec. Doc. 443);** Plaintiffs Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White's opposition thereto (Rec. Doc. 463); and Avondale's reply. (Rec. Doc. 483) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motion should be **GRANTED** for the reasons set forth more fully below.

**FACTS AND PROCEDURAL BACKGROUND**

The Court is familiar with the facts of the case and so will provide only a brief recitation here. This action arises from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros claims to have spent many

years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchasing department, and she claims that she was directly exposed to asbestos while she worked at Avondale. Before her death, Vedros filed suit against many defendants, and after her death, her children joined the suit as Plaintiffs. Although Plaintiffs filed suit in state court, Defendants removed the matter to this Court on May 20, 2011.

In their Petition for Damages, Plaintiffs assert a number of claims against Avondale. Relevant here, Plaintiffs allege that Avondale is liable for its executive officers' personal tort liability pursuant to certain agreements ("buy-back agreements") that it entered with its now-insolvent insurers to terminate the contracts or policies of insurance.[1] Plaintiffs also assert claims against Avondale as a result of the buy-back agreements as an alleged "additional insurer" of itself, arguing that Avondale assumed the obligations of its insurers under the policies with regard to third persons, such as Vedros, within the meaning of Louisiana Civil Code articles 1821-1823. See (Rec. Doc. 463-4, pp. 2-3).

Avondale filed its *Motion for Partial Summary Judgment on La. C.C. Article 1821-1823 Claims* **(Rec. Doc. 443)** on June 2,

---

[1] The policies insured Avondale's executive officers against individual liability for actions undertaken in the course of their employment.

2

2015. On June 9, 2015, Plaintiffs opposed the motion. (Rec. Doc. 463)

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l

3

Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## **PARTIES' ARGUMENTS AND DISCUSSION**

Avondale maintained liability insurance policies for its shipyard operations with a variety of insurance companies, including Highlands Insurance Company ("Highlands") and American Motorists Insurance Company ("American Motorists"). Avondale's policy with Highlands was effective from 1970 to 1971, whereas its policy with American Motorists was effective 1950 to 1957

and 1972 to 1975. Both policies covered both Avondale and its executive officers. Because Highlands and American Motorists are now insolvent or bankrupt, however, they are no longer subject to suit.

Avondale subsequently entered into buy-back agreements that terminated the insurers' obligations in exchange for a lump-sum payment. (Rec. Docs. 463-13, 463-14) Avondale and Highlands agreed, "In exchange for the mutual covenants, promises and consideration which are described throughout this Agreement, the Settling Parties hereby agree to compromise, release and settle all claims arising out of or incident to the Policies and to undertake the acts and obligations set forth in this section." (Rec. Doc. 463-13, p. 12) In exchange for a lump-sum payment, Avondale "expressly release[d], acquit[ted] and forever discharge[d] Highlands from any and all obligations arising under or related in any way to the Policies." Id. The agreement further rendered "void *ab initio*" Highlands' obligations to Avondale under the policies. Id. at 14. Lastly, Avondale agreed to indemnify Highlands for claims brought by third parties asserting coverage under the policies. Id.

Avondale and American Motorists similarly agreed to extinguish the policies of insurance in exchange for a lump-sum payment. The agreement states that "the Parties intend to fully and forever extinguish all rights, duties and coverage under the

5

P[olicies] and to render them null and void, as if they had never been issued." (Rec. Doc. 463-14, p. 1) Again, in exchange for payment, Avondale "fully , forever, and irrevocably releases and discharges [American Motorists] from any [claim, known or unknown, from the beginning of time until the end of time, arising out of, based upon, or in any manner relating to, or implicating, the terms and conditions of the policies]." See id. at 3, 5. The agreement further provides that the policies were thereafter "rescinded for all purposes," "null and void, and are void *ab initio*, as if they had never been issued." Id. at 5. The agreement included indemnity provisions similar to those of the Highlands agreement. Id. at 6-7.

Avondale argues that Plaintiffs lack a cause of action under the buy-back agreements that it entered with certain of its liability insurers, and consequently, that it is entitled to judgment as a matter of law as to those claims. Plaintiffs counterargue that, in the buy-back agreements, Avondale assumed its insurers' obligations within the meaning of Louisiana Civil Code articles 1821-23. Accordingly, Plaintiffs assert that they have claims against Avondale for the individual liability of its executive officers' as well as the insurers' liability.

The Court has examined the policies, which Avondale and Plaintiffs submitted to the Court under seal for *in camera* review, and concludes that they do not evince an assumption by

6

Avondale of the putative obligations of Highlands and American Motorists with respect to Plaintiffs. Pursuant to Louisiana Civil Code article 1821, "An obligor[, such as Highlands and American Motorists,] and a third person[, Avondale,] may agree to an assumption by the latter of an obligation of the former." The unambiguous language of the buy-back agreements, excerpted above, does not reflect any such assumption on the part of Avondale. Rather, it is clear that the parties merely contracted to void the policies as if they had never been issued. (Rec. Doc. 463-13, p. 14; Rec. Doc. 463-14, p. 5) And because Plaintiffs did not pursue their claims while Highlands and American Motorists were subject to suit, the indemnity provisions are not implicated. See Comardelle v. Pennsylvania Gen. Ins. Co., No. 13-6555, 2014 WL 6485642, at *3 (E.D. La. Nov. 18, 2014)(Africk, J.). Of course, this Order has no effect on Plaintiffs' claims against Avondale for its alleged tort liability or its vicarious liability for the alleged tortious acts of its executive officers. Accordingly,

**IT IS HEREBY ORDERED** that the motion **(Rec. Doc. 443)** is **GRANTED.**

New Orleans, Louisiana this 17th day of June, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7