UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VEDROS                                          CIVIL ACTION

VERSUS                                          NO: 11-1198

NORTHROP GRUMMAN ET AL.                         SECTION: "J" (4)

**ORDER & REASONS**

Before the Court is Defendant The Continental Insurance Company ("Continental")'s *Motion in Limine to Exclude Deposition Testimony of Sally Gros Vedros* (**Rec. Doc. 442**); Plaintiffs Sally Gros Vedros, et al ("Plaintiffs")'s opposition thereto (Rec. Doc. 462); and Continental's reply. (Rec. Doc. 489) Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

At this point in the litigation, both the Court and the parties are very familiar with the facts of this case. The Court has previously set out the detailed facts of this matter in its Order and Reasons dated April 24, 2014. (Rec. Doc. 341) For purposes of the instant motion, only the following facts are pertinent.

This action arises from the death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros

claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchasing department, and she claims that she was directly exposed to asbestos while she worked at Avondale.

In 2010, Vedros filed the present lawsuit in the Civil District Court for the Parish of Orleans, naming a number of parties as defendants. Defendants removed the matter to this Court on May 20, 2011. Shortly thereafter, on June 3, 2011, Vedros died from her struggle with mesothelioma. On July 18, 2011, Plaintiffs filed an amended complaint, naming Continental as an additional defendant. Continental is the successor in interest to Fidelity Insurance Company of New York, who served as the insurer of Marquette Insulations, Inc., a manufacturer of products which Plaintiffs allege contained asbestos and to which Vedros was allegedly exposed, from the period of January 1, 1963, to January 1, 1965. (Rec. Doc. 442-1, p. 3) After January 1, 1965, until its bankruptcy and ultimate dissolution, Marquette was insured by Maryland Casualty Company ("Maryland Casualty"). (Rec. Doc. 442-1, p. 3) Because Marquette was dissolved at the time of the filing of this lawsuit, Plaintiffs named both Continental and Maryland Casualty as direct action

2

defendants pursuant to Louisiana's Direct Action Statute, La. Rev. Stat. § 22:1269. (Rec. Doc. 442-1, p. 3)

Prior to Vedros's death, the parties in this matter took her deposition two times. Both the discovery deposition and the perpetuation deposition were conducted on February 7, 2011, shortly before this matter was removed, and several months prior to Plaintiffs' filing of their amended complaint naming Continental as a defendant. Although Continental was not present at either of these depositions, Maryland Casualty attended and participated in both depositions. (Rec. Doc. 462, p. 2).

Continental has filed the instant motion requesting that the Court exclude at trial Vedros's deposition testimony as it relates to Plaintiffs' claims against Continental and Marquette, on the basis that the testimony constitutes inadmissible hearsay. (Rec. Doc. 442)

### **PARTIES' ARGUMENTS**

Continental first notes that Vedros's depositions were conducted several months before it was even a party to this lawsuit, and as such, it had no notice or reason to attend the depositions. Because Vedros's testimony was taken while Continental was not present, Continental asserts that it constitutes hearsay, which does not fall under any hearsay exception. Specifically, Continental disputes that the testimony may be considered admissible as "former testimony" pursuant to

3

Federal Rule of Evidence 804(b)(1). This rule allows the admission of testimony which was given during a deposition when it is being introduced against a party whose "predecessor in interest" had an opportunity and similar motive to develop the testimony through cross-examination. Even though Maryland Casualty, the insurance company who succeeded Continental in providing coverage to Marquette, was present at both depositions, Continental argues that Marquette did not share a "similar motivation" to develop Vedros's testimony. Instead, Continental asserts that while Maryland Casualty may have attempted, like Continental, to show that Vedros was not exposed to asbestos through Marquette's products, it alternatively would have sought to prove that any such "exposure occur[ed] during Continental's policy periods rather than its own," and was thus "incentivized to impute liability" to Continental. (Rec. Doc. 442-1, p. 9) Because of these conflicting interests, Continental disputes that the parties shared a "similar motivation" to develop Vedros's testimony, and the testimony should thus be excluded as inadmissible hearsay. Continental also argues that Plaintiffs are prohibited from introducing Vedros's deposition testimony in lieu of her live testimony, because the deposition does not involve "the same subject matter between the same parties or their successors in interest" as required by Federal Rule of Civil Procedure 32. (Rec. Doc. 442-1, p. 14)

4

In response, Plaintiffs argue that Vedros's testimony is admissible through three independent hearsay exceptions. First, Plaintiffs reject Continental's arguments, and assert that the testimony is admissible pursuant to Rule 804(1) as former testimony. Plaintiffs note that while the motives of Continental and Maryland Casualty may not be identical, which is not required by Rule 804(b)(1), they are sufficiently similar as to warrant admissibility of the testimony. Second, Plaintiffs submit that the testimony is admissible pursuant to Rule 804(b)(2), which allows for the introduction of statements made under a belief of imminent death. Plaintiffs note that Vedros's depositions were conducted less than four months prior to Vedros's death, at which time she was aware of the fatal nature of the disease from which she suffered. Third, Plaintiffs contend that the testimony is admissible pursuant to Rule 807, known as the residual hearsay exception, which allows for the admissibility of hearsay when such relates to a material fact and contains sufficient guarantees of trustworthiness. In addition, Plaintiffs maintain that even if the Court deems Vedros's testimony inadmissible, it should determine pursuant to Rule 703 that Plaintiffs' experts may rely on the facts and data contained in the testimony in developing their expert reports and opinions.

In reply, Continental again asserts that Continental and Maryland Casualty's motives in developing Vedros's testimony are not sufficiently similar as to warrant admissibility of the testimony. Continental also disputes admissibility of the testimony pursuant to Rules 804(B)(2) or 807, and contests that Plaintiffs' experts may rely on the testimony.

## **DISCUSSION**

Rule 804(b)(1) of the Federal Rules of Evidence provides for the admissibility of former testimony, so long as such:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> (B) is now offered against a party who had – or in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

FED. R. EVID. 804(b)(1). In determining what constitutes a "predecessor in interest," the U.S. Fifth Circuit Court of Appeals employs a "similarity of motive" test, thereby combining the element of "predecessor in interest" with that of "similar motive." See United States v. McDonald, 837 F.2d 1287, 1292 (5th Cir. 1988).

The Fifth Circuit has previously clarified that the "similar motive" requirement of Rule 804(b)(1) "does not mean identical motive." Battle ex rel. Battle v. Mem'l. Hosp. at Gulfport, 228 F.3d 544, 552 (5th Cir. 2000)(citing United States v. Salerno, 505 U.S. 317, 326, 112 S.Ct. 2503 (1992)). Instead,

6

in order for parties' motives to be considered "similar" as envisioned by Rule 804(b)(1), the parties must be "on the same side of the same issue at both proceedings" and must also have "a substantially similar interest in asserting and prevailing on the issue." Id. (citing United States v. DiNapoli, 8 F.3d 909, 912 (2nd Cir. 1993)).

Continental firmly denies that Maryland Casualty, which insured Marquette during a at a different time, qualifies as its "predecessor in interest" in this matter because it lacked similar motive to develop Vedros's testimony. Despite the fact that both parties, as insurers of Marquette, have a primary interest in proving that Vedros was not exposed to asbestos through Marquette's products, Continental asserts that "Maryland Casualty's interest are completely different from Continental's interests as it relates to when the Marquette exposure occurred." (Rec. Doc. 442-1, p. 8) Specifically, Continental submits that at the deposition, Maryland Casualty would have been seeking to develop Vedros's testimony to show that any asbestos exposure Vedros may have experienced through Marquette's products occurred during the time in which Continental was providing Marquette's insurance coverage, as opposed to when Maryland Casualty was providing the insurance coverage. However, as noted by Plaintiffs, in both its motion and reply, Continental has not cited to any portion of the

7

deposition testimony in which it appears that Maryland Casualty sought to elicit testimony from Vedros to show that her exposure occurred during Continental's coverage period. Plaintiffs argue that Maryland Casualty qualifies as Continental's "predecessor in interest" and possessed a "similar motive" to develop Vedros's testimony.

While not identical, the Court finds the motives of both Continental and Maryland Casualty in developing Vedros's testimony to be sufficiently similar to warrant the application of Rule 804(b)(1). See Clay v. Johns-Manville Sales Corp., 722 F.2d 1289, 1295 (6th Cir. 1983). Certainly Maryland Casualty had a similar interest in prevailing on the issue of Marquette's liability. See Battle, 228 F.3d at 552 (citing DiNapoli, 8 F.3d at 912). Continental's inability to cite to any part of Vedros's deposition testimony in which Maryland Casualty actually attempts to deflect liability by showing that any exposure to Marquette's asbestos-containing products occurred during Continental's policy period rather than its own further satisfies the Court of the propriety of its position. Because both Continental and Maryland Casualty had a primary motive to develop Vedros's testimony to show that she was never exposed to asbestos through Marquette's products, the requirements of Rule 804(b)(1) are satisfied, and Vedros's deposition testimony is admissible at trial.

Continental also argues that Plaintiffs' use of Vedros's deposition testimony at trial is prohibited by the Federal Rules of Civil Procedure. Continental notes that although Federal Rule of Civil Procedure 32(a) allows for the use of deposition testimony in lieu of live testimony in circumstances where the witness is no longer available to testify, this is limited to matters in which the deposition "involve[s] the same subject matter between the same parties or their successors in interest." (Rec. Doc. 442-1, p. 14) However, in describing this Rule, Continental fails to acknowledge the full text of the provision allowing for the use of prior depositions. While Rule 32(a)(8) does impose a requirement that the deposition involve the same subject matter and same parties as the current trial, it also allows for the use of deposition testimony at trial when such is "allowed by the Federal Rules of Evidence." FED. R. CIV. P. 32(a)(8). Accordingly, because the Court has determined that Vedros's deposition is admissible pursuant to the Federal Rules of Evidence, it is not necessary that the deposition involve all defendants made party to the lawsuit.

Because Vedros's deposition testimony is admissible against Continental pursuant to Rule 804(b)(1), it is unnecessary to consider whether admissibility is warranted under Rules 804(b)(2) or 807. Moreover, Plaintiffs' expert witnesses are

9

entitled to rely on Vedros's testimony in compiling their expert reports and opinions. Accordingly,

**IT IS HEREBY ORDERED** that Continental's *Motion in Limine to Exclude Deposition Testimony of Sally Gros Vedros* (**Rec. Doc. 442**) is **DENIED**.

New Orleans, Louisiana this 18th day of June, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE