UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SALLY GROS VEDROS                                CIVIL ACTION

VERSUS                                           NO: 11-1198

NORTHROP GRUMMAN                                 SECTION: J(4)
SHIPBUILDING, INC., ET AL


                              **ORDER**

    Before the Court is a *Motion to Strike Certain Opinions of Dr. Gail Stockman Which Are Outside the Scope of Opinions Offered by Dr. Robert Sawyer, Which Are Contrary to the Opinions of Dr. Robert Sawyer, and Which Are Contrary to Prior Rulings Already Rendered by This Court* **(Rec. Doc. 477)** filed by Plaintiffs, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, and an *Opposition* (Rec. Doc. 496) and *Supplemental Opposition* thereto (Rec. Doc. 500) by Defendant, CBS Corporation (a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation) ("Westinghouse").

    The Court is familiar with the facts of the case and so will provide only a brief recitation here. This action arises from the

                                    1

death of Sally Gros Vedros ("Vedros") due to mesothelioma. Alton Gros, Vedros's father, worked at Avondale as a welder from 1943 to 1976, and Vedros claims to have spent many years washing her father's work clothes, which allegedly resulted in Vedros's secondary exposure to insulation dust containing asbestos. Vedros also worked at Avondale from 1960 to 1963 in the purchasing department, and she claims that she was directly exposed to asbestos while she worked at Avondale. Before her death, Vedros filed suit against many defendants, and after her death, her children joined the suit as Plaintiffs. Although Plaintiffs filed suit in state court, Defendants removed the matter to this Court on May 20, 2011.

Since that time, the Court has continued trial of this matter on a number of occasions for various reasons. Accordingly, the Court has issued several Scheduling Orders. Westinghouse timely supplied the expert report of Dr. Robert Sawyer on April 5, 2012, in accordance with a previous scheduling order. (Rec. Doc. 424-1, p. 1; Rec. Doc. 424-2, p. 1) However, Dr. Sawyer is now deceased. (Rec. Doc. 424-1, pp. 1-2) Under the current Scheduling Order, trial is set for August 10, 2015. (Rec. Doc. 386)

Due to the death of Dr. Sawyer, Westinghouse moved the Court to allow substitution of Dr. Gail Stockman or Dr. William Longo as an expert witness. (Rec. Doc. 424) Plaintiffs generally did not oppose Westinghouse's request, but asked that the Court restrict the scope of the replacement report to that of the original report from Dr. Sawyer. Specifically, Plaintiffs argued that the substitute expert "should only be allowed to fulfill those opinions that cannot now be provided by Dr. Sawyer due to his passing." (Rec. Doc. 431, p. 1) The Court agreed with Plaintiffs that the scope of the replacement report should not exceed the scope of that submitted by Dr. Sawyer. In allowing the substitution, the Court further ordered that Westinghouse "shall limit the scope of the replacement testimony to that of Dr. Sawyer as much as possible." (Rec. Doc. 437, pp. 4-5)

On June 15, 2015, Plaintiffs filed the instant *Motion to Strike Certain Opinions of Dr. Gail Stockman Which Are Outside the Scope of Opinions Offered by Dr. Robert Sawyer, Which Are Contrary to the Opinions of Dr. Robert Sawyer, and Which Are Contrary to Prior Rulings Already Rendered by This Court* **(Rec. Doc. 477)** Westinghouse opposed the motion on June 23, 2015 (Rec. Doc. 496) and filed a supplemental opposition on June 29, 2015. (Rec. Doc. 500)

Plaintiffs seek to preclude four categories of opinions of Dr. Stockman, described as follows: (1) opinions regarding Hurthle Cell Carcinoma of the thyroid; (2) opinions that Vedros's mesothelioma is not asbestos related; (3) opinions that Vedros's exposure from washing her father's work clothing at Avondale was not contributory to her mesothelioma; and (4) opinions that Vedros's occupational exposure while working at Avondale were not contributory.[1]

In response, Westinghouse argues that Dr. Stockman's report and opinions are within the scope of Dr. Sawyer's report because she applied the same basic occupational analysis as Dr. Sawyer to the same issues Dr. Sawyer was to address. Westinghouse admits that "a few of Dr. Stockman's views and opinions differ from that of Dr. Sawyer," but explains that "such a difference is to be expected as she is a different doctor with different training." (Rec. Doc. 496, p. 2) In sum, Westinghouse argues that Dr. Stockman's opinions remain within the same scope as those of Dr. Sawyer, despite the fact that "they reached different conclusions." (Rec. Doc. 496, p. 4)

---

[1] In total, Plaintiffs seek to strike seven of Dr. Stockman's opinions, labeled as "Assessment[s]" in her Expert Report (Rec. Doc. 477-4, pp.11-12): Opinion Nos. 1 (in part), 3, 4, 5, 8, 9, and 12. (Rec. Doc. 477-1, p. 3)

The Court agrees that certain opinions of Dr. Stockman are outside the scope of opinions offered by Dr. Sawyer, contrary to the opinions of Dr. Sawyer, and contrary to prior rulings of this Court. First, Dr. Sawyer opined in his report that the history of Sally Vedros's Hurthle cell carcinoma "is [not] considered relevant to the risk of mesothelioma in this case." (Rec. Doc. 477-5, p. 2) In contrast, Dr. Stockman's report discusses the association of Hurthle cell carcinoma and mesothelioma with the genetic mutation informally known as "TERT" and opines that "it is biologically plausible that both malignancies were the result of this genetic mutation." (Rec. Doc. 477-4, pp.9, 11-12)

Second, Dr. Sawyer opined that asbestos exposure "is the only etiology to rationally consider, and fully explains [Vedros's] mesothelioma risk." (Rec. Doc. 477-5, p. 6) Moreover, this Court has previously determined that "Sally Vedros died as a result of mesothelioma resulting from asbestos exposure." (Rec. Doc. 294, p. 2) Despite this, Dr. Stockman's report discusses "mesothelioma unrelated to asbestos exposure" and she opines that certain aspects of Vedros's case "make [asbestos-related mesothelioma] less likely." (Rec. Doc. 477-4, pp. 8, 11)

Lastly, Westinghouse admits that Dr. Stockman's opinions as to whether paraoccupational and occupational exposure contributed to the development of Vedros's mesothelioma contradict those of Dr. Sawyer. (Rec. Doc. 496, p. 4) The Court agrees. In contrast to Dr. Sawyer, Dr. Stockman opines that washing her father's clothing and working as a punch operator at Avondale did not cause or contribute to Vedros's mesothelioma. (Rec. Doc. 477-4, pp. 11-12)

The Court finds that the foregoing opinions of Dr. Stockman deviate from those of Dr. Sawyer in a way that unfairly prejudices Plaintiffs. The decision to allow a substitute expert to testify was based on the understanding that the substitute report and testimony would not go beyond the original expert's report and testimony and that the substitute would testify to the same conclusions. Such a compromise allowed Westinghouse to replace its expert without unfairly surprising Plaintiffs with unexpected new opinions.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Strike Certain Opinions of Dr. Gail Stockman Which Are Outside the Scope of Opinions Offered by Dr. Robert Sawyer, Which Are Contrary to the*

*Opinions of Dr. Robert Sawyer, and Which Are Contrary to Prior Rulings Already Rendered by This Court* **(Rec. Doc. 477)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' *Motion for Leave to File Reply Memorandum in Support of Plaintiffs' Motion to Strike* **(Rec. Doc. 501)** is **DENIED** as moot.

New Orleans, Louisiana, this 1st day of July, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE